IN THE IOWA DISTRICT COURT IN AND FOR MITCHELL COUNTY

| | |
|---|---|
| ANTHONY SCHWARCK,<br><br>     Plaintiff,<br><br>vs.<br><br>JOHN REDDITT and JBRC, INC.,<br><br>     Defendants. | Case No. LACV<br><br>PETITION AT LAW |

COME NOW, Plaintiff, Anthony Schwarck, for cause of action against the Defendants, John Redditt and JBRC, Inc., states to the Court as follows:

**FACTUAL FINDINGS**

1. Plaintiff, Anthony Schwarck, is a resident of Mitchell County, Iowa.

2. Defendant, John Redditt is believed to be a resident of Lebanon, Tennessee.

3. Defendant, JBRC, Inc., is a for-profit corporation incorporated in the State of Tennessee with its principal place of business being 3445 Poplar Hill Road, Watertown, Tennessee.

4. Defendant, JBRC, Inc., is a bonded cattle broker/dealer in the United States.

5. Venue for this Petition at Law in Mitchell County is appropriate, as Mitchell County is where a substantial portion of the negotiations of the contract between the parties occurred and is the county where Plaintiff resides.

6. Defendants have been purchasing, boarding, transporting, and dealing cattle since at least January 2017, and claim to source from Tennessee and Northern Alabama sale barns to fulfill purchase contracts in other States, including Iowa.

7. On or about May 19, 2023, Plaintiff, after viewing Defendant's advertising on social media, sent Defendants a Facebook message expressing interest in negotiating the purchase

and delivery of black steers. Defendant, John Redditt, expressed and relayed information regarding the steer cost and delivery to Iowa.

8. On or about May 20, 2023, Plaintiff inquired about the health of Defendant's steers.

9. Defendant responded that health was great, hadn't heard any complaints.

10. Throughout the negotiations regarding the cattle purchase, Plaintiff continued to ask about the health of Defendants' cattle and received only positive remarks concerning the health of the cattle.

11. In July of 2023, the parties entered into a contract for the sale and delivery of certain cattle. The Plaintiff was the purchaser under said contract and the Defendants were the seller under said contract. The contract was partially oral and by way of electronic messaging. The delivery of the cattle was confirmed by written receipt.

12. In July and August of 2023, Defendants delivered 342 head of cattle to Plaintiff.

13. Within ten days of the deliveries the cattle began to show symptoms of disease.

## **FRAUDULENT MISREPRESENTATION COUNT ONE**

14. Plaintiff replead the above paragraphs one (1) through thirteen (13) as if fully set forth herein.

15. Plaintiff is in the business of raising cattle on feedlots.

16. During the period of May 20, 2023 to August 23, 2023, Defendants, individually and/or through their officers, agents, and employees, made representations to Plaintiff relating to the health of the aforesaid cattle which Defendants purchased and transported, including the representations that Defendants knew of no health complaints or concerns of previously purchased cattle and the cattle Plaintiff would receive would be healthy and fit for stockyard purposes.

17. The aforesaid representations were false and were knowingly made by Defendants for the purpose of deceiving Plaintiff and causing Plaintiff to enter into the aforesaid cattle purchase agreement.

18. The aforesaid representations were material in Plaintiff's decision to enter into the cattle purchase contract.

19. Plaintiff relied upon the representations in entering into the cattle purchase agreement and were justified in that reliance.

20. As a result of Defendants' false representations Plaintiff has incurred damages including the loss of the benefit of the bargain reasonably expected under the purchase agreement and consequential damages including past and future profits, loss of cattle and veterinary and related animal health expenses.

21. The false representations of the Defendants were a proximate cause of the Plaintiff's damages.

22. The amount in controversy in this proceeding is in excess of $15,000.00.

23. The actions of the Defendant s were committed in wanton and reckless disregard of Plaintiff's rights.

## COUNT II- STRICT LIABILITY

24. The Plaintiff repleads the allegations of Paragraphs 1 through 23 as it fully set forth herein.

25. The cattle which were the subject of the parties sales transaction included three cattle which were PI infected with BVD. As such, these cattle were in a defective condition which rendered them unreasonably dangerous to the remainder of the Plaintiff's property,

including the remainder of the cattle shipped and comingled with the remaining cattle purchased by the Plaintiff from the Defendants.

26. As the result of the presence of the PI-BVD cattle, the BVD virus rapidly spread between the 342 head of cattle purchased from the Defendant.

27. The BVD virus quickly spread throughout the remaining cattle purchased from the Defendant and despite exhausting all available treatment 116 head of cattle died by September 1, 2023 and 6 more thereafter.

28. The Defendants are engaged in the business of selling cattle.

29. The cattle were shipped to the Plaintiff without substantial change in the condition which the cattle were sold.

30. The Plaintiff sustained significant damage to his property in the form of the loss in value of the cattle that died, increased expense for veterinary treatment and additional labor to treat and manage the animals which became sick and lost profits and other consequential damages.

WHEREFORE, the Plaintiff respectfully requests judgment in the amount that will fully compensate Plaintiff for all damages sustained as a result of the Defendant's sale of defective cattle and such further relief as the Court deems appropriate.

DANIELS, HINES, KALKHOFF,
COOK & SWANSON, P.L.C.
Attorneys for Plaintiff

BY: */s/ John J. Hines*
   */s/ Erich D. Priebe*
   John J. Hines, AT0003514
   Erich D. Priebe, AT0012350
   1205 Technology Parkway
   Cedar Falls, Iowa 50613
   Phone: (319) 260-4471
   Fax: (319) 260-4499
   Email:  jhines@duttonfirm.com
           epriebe@duttonfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, 4/1/2024 by:

☐ U.S. Mail           ☐ FAX
☐ Hand Delivered      ☐ UPS
☐ Federal Express     ☒ Electronic Filing
☐ Other _____

Signature: /s/ Trudi Schimmels